THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL S. VILCES, Defendant-Appellant.

Second District   No. 2—88—0325

Opinion filed August 9, 1989.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Michael S. Vilces, appeals from an order of the circuit court of Stephenson County revoking his probation on a burglary conviction and sentencing him to six years' imprisonment. Defendant alleges that the trial court abused its discretion in sentencing him to six years' imprisonment on the basis that the sentence was imposed as a penalty for the conduct constituting the probation violations rather than for the underlying burglary conviction. We affirm.

Defendant was originally charged with burglary (Ill. Rev. Stat. 1987, ch. 38, par. 19—1(a)) and attempted theft (Ill. Rev. Stat. 1987, ch. 38, par. 8—4(a)) for conduct occurring on November 26, 1985. At that time, defendant, then 17 years old, and two other 17-year-olds, broke into a car with the intent to commit a theft. Defendant pleaded guilty to the burglary charge, and the State dismissed the attempted theft charge. On March 14, 1986, the trial court sentenced defendant to 30 months' probation. In setting the sentence, the trial court warned defendant that he could be sentenced to three to seven years' imprisonment if he violated the terms of his probation.

On August 21, 1987, the State filed a petition to revoke defendant's probation. The State alleged that on June 29, 1987, defendant violated the terms of his probation by committing the offenses of

criminal sexual assault, battery, and unlawful restraint. On January 21, 1988, the court held a hearing on the State's petition to determine whether defendant's conduct constituted a violation of probation. The State introduced testimony indicating that defendant forced a former girlfriend to have vaginal intercourse with him. Defendant did not deny having intercourse with the complaining witness, but rather asserted that she was a willing participant. The trial court determined that the State met its burden of proving lack of consent and use of force and found that defendant violated the conditions of probation by committing all three offenses alleged in the petition.

The trial court held a sentencing hearing on the State's petition on February 17, 1988. An updated presentence report did not list any adult convictions but did contain several juvenile court delinquency adjudications including battery, burglary, and theft. The presentence report further indicated that a petition to revoke defendant's probation for the juvenile offenses was filed on the basis that defendant violated his probation by committing a residential burglary and theft one month prior to defendant's conviction as an adult in the instant action. A prior presentence report included a description of the underlying burglary in the instant action.

After consideration of the presentence report and brief argument by counsel, the court noted its alternatives for sentencing. The court first stated that burglary was a Class 2 felony and punishable by not less than three and not more than seven years' imprisonment. The court then discussed the seriousness of probation and its violation. The court stated that it would consider not only the original offense, but also the circumstances of the three subsequent offenses. The court then discussed the criminal sexual assault, battery, and unlawful restraint and commented on the serious threat of injury to the victim. The court also commented on factors in mitigation such as defendant's youth, employment, and lack of an extensive adult criminal record. The court then noted that while the original offense was a property crime, the court was more concerned with the serious nature of the violations. The court concluded that defendant demonstrated that probation would deprecate the seriousness of the offense and therefore sentenced him to six years' imprisonment. The court subsequently denied defendant's motion to withdraw his guilty plea, and we granted defendant's motion to file a late notice of appeal.

Defendant contends that the trial court abused its discretion in sentencing him to six years' imprisonment on the basis that the sentence was imposed as a penalty for the conduct constituting the probation violations rather than for the underlying burglary conviction.

Defendant directs our attention to the court's comments at the sentencing hearing to show that the court's focus was on the offenses which resulted in the revocation of his probation rather than his burglary conviction. Defendant notes that the court discussed the nature of the criminal sexual assault, battery, and unlawful restraint, but never mentioned the facts and circumstances of his underlying conviction for burglary. Defendant maintains that these comments, rather than addressing his rehabilitative potential, show that the court abused its discretion in punishing him for his subsequent conduct. We disagree.

When a defendant's probation is revoked, the trial court may sentence the defendant to any term that would have been appropriate for the underlying offense. (*People v. Gaurige* (1988), 168 Ill. App. 3d 855, 868; see Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(e).) A defendant may not be sentenced on revocation of probation for the conduct which constituted the probation violation; however, it is proper for the trial court to consider the defendant's conduct while on probation to assess his "rehabilitative potential." (*People v. Young* (1985), 138 Ill. App. 3d 130, 135; see *Gaurige*, 168 Ill. App. 3d at 868-69; *People v. Butler* (1985), 137 Ill. App. 3d 704, 722.) Thus, while a trial court may consider the defendant's acts while on probation as a factor in assessing his rehabilitative potential, it may not punish the defendant for those acts. In reviewing a sentence following revocation of probation, the appellate court must determine whether the trial court improperly "commingled" the underlying offense and the defendant's subsequent acts. (See *Young*, 138 Ill. App. 3d at 135.) However, meaningful review has been hampered by the absence of a consistent approach in analyzing such cases. (See 138 Ill. App. 3d at 135.) After reviewing the numerous decisions in this area, we believe that the best approach is offered by the Appellate Court for the Fourth District in *People v. Young* (1985), 138 Ill. App. 3d 130, 142. The rule set forth in *Young* provides that "a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense." (Emphasis in original.) *Young*, 138 Ill. App. 3d at 142.

Applying this standard to the instant action, we conclude that the court did not abuse its discretion in sentencing defendant to six years' imprisonment. First, we note that the sentence falls within the statutory range for the Class 2 felony of burglary. (See Ill. Rev.

Stat. 1987, ch. 38, par. 1005—8—1(a)(5).) Moreover, when the court's remarks are read in their entirety, it becomes clear that the court was sentencing defendant for the underlying burglary conviction and only looked at his subsequent conduct and the severity of those offenses to assess defendant's rehabilitative potential. The court expressly stated that it was sentencing defendant for his underlying conviction of burglary, which it classified as being in the middle range of the felonies. The record indicates that the court was well aware of the nature and circumstances of the underlying crime. While the court did discuss the nature of the probation violations, those comments were made to show that the violations were crimes against the person and therefore more serious than the original property crime of burglary. The court's comments indicate that it considered those offenses as demonstrating the degree to which defendant's rehabilitative potential had diminished. The court expressly noted the factors in mitigation, but found those factors outweighed by defendant's diminished rehabilitative potential. Particularly telling is the court's statement that defendant "demonstrated that probation would depricate [*sic*] the seriousness of the offense in this case." Based on this record, we are not persuaded that the court imposed the six-year sentence for the conduct constituting the probation violations rather than the underlying burglary. Accordingly, we find that the trial court did not abuse its discretion in sentencing defendant to six years' imprisonment.

For the above reasons, we affirm the judgment of the circuit court of Stephenson County.

Affirmed.

NASH and DUNN, JJ., concur.