THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR R. GARRISON, Defendant-Appellant.

Third District   No. 3—89—0415

Opinion filed March 6, 1991.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (John X. Breslin and Elizabeth A. Klug, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Following a guilty plea to first-degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1)), the defendant, Arthur R. Garrison, was sentenced to 75 years in prison. The defendant appeals the length of his sentence. We affirm.

The record shows that the defendant was charged with murder and felony murder. Count I alleged that he stabbed Marilyn Nicoline with a knife, causing her death. Count II alleged that he committed the same act while committing the forcible felony of aggravated criminal sexual assault. The defendant entered a blind plea of guilty to count I.

The record of the sentencing hearing shows that deputy sheriff John Erickson testified regarding the incident. He stated that he was dispatched to the home of the defendant's mother, Betty Garrison, to investigate a report of a drunken person who stated that he had killed a man. Upon his arrival, he observed the defendant sleeping on the davenport.

After the defendant was awakened, he told Erickson that he had stabbed a man that evening and proceeded to show him a knife handle he had placed in a wastebasket. The defendant then directed him to the residence of Marilyn Nicoline. Upon arriving at Nicoline's home, Erickson found her nude body lying on the kitchen floor. Erickson concluded his testimony with the observation that in his opinion the defendant was not intoxicated when he interviewed him.

Pathologist Joan Barenfanger testified regarding the victim's wounds and cause of death. She stated that the victim had suffered a five-inch-deep stab wound to her back. She had various cuts on the index finger and thumb of her left hand. She had received a one-half-inch-long by one-eighth-inch-wide laceration near her left eyebrow, as well as other wounds and bruises to her face and head. Dr. Barenfanger testified that these wounds were caused by something broad and blunt. Furthermore, under the victim's chin were four bruises which appeared to have been caused by pressure applied by fingers.

The victim had also suffered a wound to her chest, where a knife blade had gone through her sternum. Barenfanger concluded that the fatal injury was a stab wound to the victim's chest, wherein the blade had passed entirely through her breast plate. The knife blade was still embedded in this wound, and the victim's skin had formed a "tent" around the part of the blade that protruded out of her chest.

Dr. Barenfanger testified that a strong force was necessary to drive a knife through the breast plate. She further testified that spermatozoa and abrasions had been found in the victim's vagina. This indicated to her that the sexual activity which occurred was done with a strong impact. Other evidence showed that the seminal material found could have come from the defendant.

Dr. Robert E. Chapman, a physician specializing in forensic psychiatry, testified that he had examined the defendant and found him to be of low intelligence. He diagnosed him as having a learning disability, borderline mental retardation, antisocial personality disorder, and an alcohol and drug abuse problem. Dr. Chapman believed that the defendant was under the influence of alcohol when he committed the murder.

The defendant testified that on the night of the murder he was at a party and left it to go next door to steal money. He knocked on the door even though he thought no one was home. When the victim answered the door, he grabbed her, put his hand over her mouth, and told her he wanted money. She said she would get some. She then went to her kitchen and grabbed a knife from the counter. He stated

that he grabbed the victim's wrist and hit her in the nose. The victim fell, and the knife went into her chest.

The defendant testified that he did not recall causing the other stab wounds. He denied sexually assaulting the victim and insisted that he did not intend to hurt or kill her. He knew what he did was wrong and that he would have to suffer a penalty.

Several witnesses testified on the defendant's behalf and stated that he was courteous, pleasant, and nonviolent. His mother testified that the defendant's father was an alcoholic who verbally abused the defendant. In addition, his father had attempted suicide three times, once in the defendant's presence.

Other evidence showed that the defendant was 20 years old and had previously been adjudicated delinquent for burglary and residential burglary. In addition, he had numerous arrests and convictions for illegal possession, transportation, and consumption of alcohol.

Following the 2½-day sentencing hearing, the trial court found that the offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. It therefore found the defendant eligible for an extended-term sentence and sentenced him to 75 years in prison.

On appeal, the defendant does not contest this finding. Instead he argues that the trial court erred in failing to consider several mitigating factors. Specifically, he argues that the court failed to take into consideration his psychological condition, his alcohol problem, his lack of a significant criminal record, and his cooperation with the authorities.

■■ Sentencing is a matter of judicial discretion and, absent an abuse of that discretion, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The statutory requirement that the trial judge set forth on the record his reasons for a particular sentence does not obligate the judge to recite each factor and set a value on it. (*People v. Taylor* (1987), 164 Ill. App. 3d 938, 518 N.E.2d 409.) Where mitigating evidence is before the court, it is presumed that the judge considered the evidence, absent some indication other than the sentence itself to the contrary. *People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.

■■ We find that the trial court did not abuse its discretion in sentencing the defendant to 75 years of imprisonment. The evidence supports the court's finding that the crime was accompanied by exceptionally cruel behavior indicative of wanton cruelty. In addition, the record shows that the defendant had a significant criminal record.

Furthermore, there is nothing in the record indicating that the court failed to consider any mitigating evidence properly before it.

Accordingly, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.