THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN WHIPPLE, Defendant-Appellant.

Third District   Nos. 3—91—0324 through 3—91—0328 cons.

Opinion filed November 5, 1992.

Daniel Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant, John Whipple, pled guilty to robbery, home invasion, and aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, pars. 18—1(a), 12—11(a)(2), 12—14(a)(4)) in each of five cases involving five separate victims. The court thereafter sentenced him to concurrent prison terms of three years for the robberies and 7½ years for the home invasions. Those sentences were to run consecutively with 7½-year prison terms imposed for each aggravated criminal sexual assault conviction. The court also ordered the sentences for each separate case to be served consecutively. Thus, the defendant was sentenced to consecutive prison terms totaling 75 years. The court also ordered that the sentences be served consecutively to sentences the defendant had previously received in Georgia. The defendant appeals.

The factual basis for the defendant's pleas established that in each of the five cases, he went to the apartment of the female victim. In two cases, as the women were leaving their apartments, the defendant grabbed them and forced them back inside. In one case, he knocked on the victim's door, and when she answered, he forced his way into her apartment. In another case, he was admitted by the victim's three-year-old daughter while the victim was in the shower. In the last case, he was admitted by the victim's six-year-old daughter.

In each case he was masked, and he blindfolded his victim and tied her hands behind her back. He then forced her to engage in both vaginal intercourse and oral sex. In each case, the defendant also took money from the victim's apartment.

On appeal, the defendant first argues that his robbery convictions must be vacated because they are based on some of the same physical acts as his corresponding convictions for aggravated criminal sexual assault. The State argues that the defendant has waived the issue by failing to raise it in the trial court or in his motion to reconsider sentence. However, we will address the issue under the plain error exception to the waiver rule. *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1.

Initially, we note that multiple convictions cannot be based on the same physical acts. *People v. Monigan* (1990), 204 Ill. App. 3d 686, 561 N.E.2d 1358.

■ In each of the five cases, the defendant was charged with robbery and aggravated criminal sexual assault. According to the charges the State filed, the criminal sexual assaults were aggravated because the defendant committed them during the course of committing robbery. When the court found the defendant guilty of the aggravated criminal sexual assaults, it necessarily found that the defendant had committed the robberies. Therefore, in separately finding the defendant guilty of each of the robberies, it necessarily relied on some of the same physical acts that formed the basis for the aggravated criminal sexual assault convictions. Accordingly, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we reverse the defendant's robbery convictions and sentences.

The defendant next argues that three of his convictions for home invasion must be vacated because they were based on some of the same physical acts as his corresponding convictions for aggravated criminal sexual assault. The defendant correctly notes that injury to the victim was an essential element in the home invasion charges. (Ill. Rev. Stat. 1991, ch. 38, par. 12—11(a)(2).) However, he contends that the factual basis for each of the home invasion indictments established that the only injury the victim suffered was caused by having sexual intercourse with him, and that these same acts of sexual intercourse were the basis for the charges of aggravated criminal sexual assault. We disagree.

■ In the instant case, all three of the complained-of home invasion indictments alleged that the defendant injured the victims by tying their hands and having sexual intercourse with them. In stating the factual basis for each of the charges, the prosecutor specifically

stated that the respective victims were tied up. The factual basis presented by the prosecutor in two of the complained-of cases established that the defendant made a statement admitting the "substance of the charges set forth in the indictment." The factual basis in the other case established that the defendant made a statement admitting the "assault charged in this indictment." Thus, the home invasion indictments alleged that the defendant injured the victims by tying their hands, and the factual basis of each charge established that the defendant had admitted the charges alleged in the indictments. Therefore, we hold that separate physical acts supported the home invasion convictions and the aggravated criminal sexual assault convictions.

Finally, the defendant argues that the trial court abused its discretion in imposing sentences totaling 75 years. Specifically, the defendant argues that mitigating factors were not given adequate weight by the trial court. He also contends that his sentences should not have been ordered to run consecutively to the life sentence imposed in Georgia.

Sentencing is a matter of judicial discretion, and absent an abuse of that discretion by the trial court, a sentence may not be altered upon review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) When mitigating evidence is before the trial judge, he is presumed to have considered it absent some indication, other than the severity of the sentence itself, to the contrary. (*People v. Garrison* (1991), 209 Ill. App. 3d 979, 568 N.E.2d 943.) Included among the factors to be considered when imposing sentence are the circumstances surrounding the offense, the need to deter others, and the protection of the public. (*People v. Goodwin* (1991), 208 Ill. App. 3d 829, 567 N.E.2d 666.) A trial judge may properly impose consecutive sentences when a defendant commits a number of offenses within a short time span. (*People v. Rivera* (1991), 212 Ill. App. 3d 519, 571 N.E.2d 202.) Moreover, consecutive sentences are appropriate when a defendant sexually assaults a number of victims. *People v. Spires* (1989), 182 Ill. App. 3d 176, 537 N.E.2d 1010.

■ In the instant case, the record of the sentencing hearing establishes that the trial judge carefully weighed the factors in mitigation and aggravation. In fact, the trial judge recited the same mitigating factors that the defendant claims on appeal were not adequately considered. These included that prior to his sexual assault convictions, the defendant had no criminal history. Moreover, the defendant had alcohol, drug, and emotional problems. He also had a difficult home life when he was growing up. However, the trial court determined that consecutive sentences were appropriate based on the nature of

the numerous offenses and the short period of time in which they were committed. The trial judge reaffirmed this position when he denied the defendant's motion to reconsider the sentence. We find no abuse of discretion by the trial judge in sentencing the defendant.

The record in the case at hand established that the masked defendant tied up and blindfolded five different women. Then, he sexually assaulted and robbed them in their own homes. In three of the five cases, small children were present when the attacks occurred. All of these attacks took place between April 14, 1989, and May 19, 1989.

Additionally, evidence was presented that the masked defendant had attacked three women in their homes in Georgia between September 25, 1989, and December 26, 1989. These attacks were very similar to the ones involved in the instant case, including the fact that children were present when they occurred. The record clearly supports the trial judge's imposition of consecutive sentences totaling 75 years' imprisonment in the instant case.

Finally, we find no error in imposing a consecutive sentence to the life sentence which was imposed upon the defendant in Georgia. (See *People v. Epps* (1986), 143 Ill. App. 3d 636, 493 N.E.2d 378.) This is especially true since, under the Georgia statutes, the defendant will be eligible for parole consideration in Georgia after he has served seven years of the sentences imposed there. Ga. Code Ann. §77—525 (Supp. 1991).

Accordingly, the defendant's robbery convictions and sentences are reversed. The defendant's convictions and sentences for the home invasion and the aggravated criminal sexual assault offenses are affirmed.

Affirmed in part and reversed in part.

BARRY, P.J., and STOUDER, J., concur.