THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARY WILCOX, Defendant-Appellant.

Third District   No. 3—94—0730

Opinion filed June 7, 1996.

Ronald Packowitz, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Following a jury trial, defendant Cary Wilcox was convicted of intimidation (720 ILCS 5/12—6(a)(1) (West 1994)) and aggravated assault (720 ILCS 5/12—2(a)(13) (West 1994)). He was sentenced to 30

months' probation. Subsequently, the defendant admitted violating his probation. He was then sentenced to five years' imprisonment for the intimidation conviction and a concurrent three-year term of imprisonment for the aggravated assault conviction. The defendant appeals his sentence. We affirm.

The record reveals that in October of 1993, the defendant's wife, Carol Ann Nicholls, initiated divorce proceedings. On October 23, 1993, the defendant drove to Nicholls' place of employment and asked her to drop the divorce proceedings. When Nicholls refused, the defendant pulled out a gun, aimed it at Nicholls, and told her that she was dead. Nicholls closed the door between herself and the defendant and ran away. The defendant then shot himself in his left arm. The bullet also struck the door, leaving an indentation.

Following a jury trial, the defendant was convicted of intimidation and aggravated assault. In April of 1994, he was sentenced to 30 months' probation. Probation was conditioned on, among other things, the defendant not consuming alcohol and not entering Big Mike's Tavern, a bar where his wife sometimes worked.

In August of 1994, the State filed a petition to revoke the defendant's probation. The petition alleged that the defendant had entered Big Mike's Tavern and drank a beer. The defendant admitted these allegations. A sentencing hearing was held, and the defendant was sentenced to five years' imprisonment for the intimidation conviction and a concurrent three-year term of imprisonment for the aggravated assault conviction.

On appeal, the defendant's sole contention is that this cause should be remanded for resentencing because the trial court improperly sentenced the defendant for his conduct leading to his probation revocation rather than for the underlying intimidation and aggravated assault convictions. For reasons which follow, we find no merit to this contention.

In reviewing a sentence entered following revocation of probation, the appellate court has traditionally tried to determine whether the trial court improperly "commingled" the underlying offense and the conduct which constituted the probation violation. *People v. Vilces*, 186 Ill. App. 3d 983, 542 N.E.2d 1269 (1989). The concern with commingling appears to have evolved from *People v. Morgan*, 55 Ill. App. 2d 157, 204 N.E.2d 314 (1965). In *Morgan*, the defendant contended that he had been subjected to double jeopardy because his commission of a single offense resulted in both: (1) indictment for that offense; and (2) revocation of a term of probation previously imposed for a separate offense. The *Morgan* court ultimately rejected the defendant's double jeopardy arguments.

Unfortunately, the *Morgan* decision resulted in some confusion. Despite the *Morgan* court's clear rejection of the double jeopardy claim, subsequent cases nevertheless interpreted *Morgan* as requiring appellate scrutiny of sentences where "there was a commingling of matters relating to the original offense with the conduct allegedly constituting the violation of probation." *People v. White*, 93 Ill. App. 2d 283, 288, 235 N.E.2d 393, 396 (1968). Precisely what constituted "commingling" was not well defined and resultant case law was inconsistent. See *People v. Young*, 138 Ill. App. 3d 130, 135, 485 N.E.2d 443, 445 (1985); see generally Annot. 65 A.L.R.3d 1100 (1975). The commingling concept thus became a trap for the sentencing court, and meaningful appellate review was hampered by the absence of a consistent approach in analyzing such cases. *Young*, 138 Ill. App. 3d at 135, 138, 485 N.E.2d at 445, 447.

More recently, for reasons set forth in greater detail in *Young*, 138 Ill. App. 3d 130, 485 N.E.2d 443, the commingling concept has fallen into disfavor. Today, the preferred approach is that "a sentence within the statutory range for the original offense will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct which was the basis of revocation, and *not* for the original offense." (Emphasis in original.) *Young*, 138 Ill. App. 3d at 142, 485 N.E.2d at 450; accord *People v. Vilces*, 186 Ill. App. 3d 983, 542 N.E.2d 1269 (1989); *People v. Laws*, 200 Ill. App. 3d 232, 558 N.E.2d 638 (1990).

Here, in pronouncing sentence, the trial court made several references to the conduct that was the basis of the probation revocation. However, such comments were quite similar to comments that were not found to be error in *Young. Young*, 138 Ill. App. 3d at 134, 485 N.E.2d at 445. Moreover, a review of the *totality* of the record reveals that the trial court sentenced the defendant for the underlying intimidation and aggravated assault convictions, rather than for the conduct that was the basis of the probation revocation. Finally, given the facts of the instant case, we fail to see how the defendant would have been prejudiced even if the trial court had sentenced the defendant based upon the conduct that was the basis of the probation revocation, rather than upon the underlying offenses. It is quite unlikely that a trial court would impose a lengthier sentence upon a defendant who merely went into a tavern and had a drink than it would impose upon a defendant convicted of intimidation and aggravated assault.

For the reasons set forth above, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

McCUSKEY and MICHELA, JJ., concur.