NOTICE

Decision filed 10/22/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240176-U

NOS. 5-24-0176, 5-24-0177, 5-24-0178 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | Nos. 19-CF-523, 21-CF-14, 21-CF-58 |
| | ) | |
| DEANGELO ROBINSON, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We hold that the trial court did not err in finding the defendant fit to stand trial and did not abuse its discretion in sentencing the defendant. As this appeal presents no issue of arguable merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the trial court's judgment.

¶ 2    In this consolidated appeal, the defendant, Deangelo Robinson, appeals his sentences upon the revocation of his probation. His appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a memorandum of law in support of that motion.

¶ 3    The defendant has filed a *pro se* response explaining why he believes OSAD should not be allowed to withdraw as counsel, and why this appeal has merit. This court has examined OSAD's

1

*Anders* motion and the accompanying memorandum of law, the defendant's response, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the trial court is affirmed.

¶ 4                                                I. BACKGROUND

¶ 5        On December 18, 2019, the State charged the defendant with burglary of a motor vehicle (720 ILCS 5/19-1(a) (West 2018)), a Class 3 felony, and resisting or obstructing a peace officer (*id*. § 31-1(a)), a Class A misdemeanor, in Jackson County case No. 19-CF-523. On January 28, 2020, the defendant pled guilty to the burglary count in a negotiated plea and was sentenced to 30 months of probation.

¶ 6        On January 15, 2021, in Jackson County case No. 21-CF-14, the State charged the defendant with one count of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2020)), a Class 2 felony; two counts of aggravated battery (*id*. § 12-3.05(a)(1), (c)), Class 3 felonies; one count of domestic battery (*id*. § 12-3.2(a)(1)), a Class 4 felony; one count of a violation of an order of protection (*id*. § 12-3.4(a)(1)(i)), a Class 4 felony; and, one count of violation of bail bond (*id*. § 32-10(b)), a Class A misdemeanor. The State also filed a petition to revoke the defendant's probation in case No. 19-CF-523 on the same day, on the basis of the offenses charged in case No. 21-CF-14.

¶ 7        On February 24, 2021, the defendant was charged by information with aggravated battery (*id*. § 12-3.05(c)), a Class 3 felony, in Jackson County case No. 21-CF-58, for an offense that occurred while in jail. The State filed an amended petition to revoke the defendant's probation in case No. 19-CF-523 on March 3, 2021, adding the charge in this third case.

¶ 8        Counsel for the defendant filed a motion to evaluate the defendant's fitness on March 4, 2021, and the trial court ordered an evaluation. The court-appointed examiner, psychologist Dr.

2

Fred Klug, conducted the evaluation, and opined in his report, filed on August 5, 2021, that the defendant was fit to stand trial. At a fitness hearing on August 27, 2021, the parties stipulated that, if Dr. Klug was called, he would testify consistently with his report. After considering the evidence, including Dr. Klug's report, the trial court found the defendant fit to stand trial.

¶ 9    On December 17, 2021, the defendant entered into a negotiated plea in all three cases. In case No. 19-CF-523, he admitted violating his probation by committing the offenses charged in case No. 21-CF-14 and case No. 21-CF-58. In case No. 21-CF-14, the defendant pled guilty to one count of aggravated domestic battery and one count of violation of an order of protection, and in case No. 21-CF-58, he pled guilty to the aggravated battery charge. The defendant was sentenced to 30 months of probation in each case, with the sentences to run concurrently.

¶ 10    On June 27, 2022, the State filed a petition to revoke the defendant's probation in all three cases. The petition alleged that the defendant had committed the new offenses of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2022)), a Class 4 felony, and three instances of violation of an order of protection (*id*. § 12-3.4(a)(1)), Class 4 felonies. The petition further alleged that the defendant had failed to provide a list of his prescribed medication; had not made payments on fines and fees; had failed to start court-ordered domestic violence classes; and had failed to obtain a mental health evaluation and recommended treatment. On July 25, 2022, the defendant made an open admission to all the allegations in the State's petition, and after the trial court extensively went through the allegations, it accepted the defendant's admissions. The defendant then filed a motion to vacate his open admission on August 12, 2022, and later withdrew the motion on October 24, 2022.

¶ 11    The trial court held a sentencing hearing on November 30, 2022. In case No. 19-CF-523, the defendant was sentenced to five years' incarceration within the Illinois Department of

3

Corrections for burglary of a motor vehicle, with 603 days' credit. In case No. 21-CF-14, he was sentenced to six years' incarceration for aggravated domestic battery, and to five and a half years' incarceration for violating an order of protection, with 520 days' credit for both counts. Lastly, in case No. 21-CF-58, the trial court sentenced him to six and a half years' incarceration for aggravated battery, with 509 days' credit. All sentences were to run concurrently.

¶ 12    The State also moved to nol-pros two other felony cases that were pending against the defendant, and the trial court granted that request. After imposing the sentences, the trial court admonished the defendant on his appeal rights. It explained that if he wished to challenge any of the sentences, he must file a written motion to reconsider within 30 days of the sentence or sentences at issue. The trial court also informed the defendant that any issues not raised in the motion would be waived on appeal. The trial court further explained what would happen if a motion to reconsider sentence was granted or denied, including that the defendant would have 30 days to appeal a denial, and that he would be provided with an attorney and hearing transcripts if he was indigent.

¶ 13    On December 28, 2022, the defendant, through counsel, filed a timely motion to reconsider the sentences in all three cases. His attorney also filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) in all three cases. At the hearing on the motion to reconsider sentences conducted on January 22, 2024, the trial court denied the motion as to case No. 19-CF-523 and case No. 21-CF-58. The trial court granted the motion as to case No. 21-CF-14 and reduced that sentence to five and a half years for the aggravated domestic battery conviction and five years for violating the order of protection. The defendant appealed in all three cases, and this court granted his motion to consolidate the appeals.

4

¶ 14                                   II. ANALYSIS

¶ 15    OSAD has concluded that this appeal lacks substantial merit, and on that basis, OSAD has

filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), along

with a memorandum of law in support of that motion. In its memorandum supporting its motion,

OSAD states that it considered raising the following four potential issues on appeal:

> (1) Whether the defendant's admission to the alleged violation of probation was knowing and voluntary;
>
> (2) Whether the trial court erred in finding the defendant fit to stand trial;
>
> (3) Whether the trial court's sentencing constituted an abuse of discretion; and
>
> (4) Whether the defendant's counsel was required to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 16    In his response to OSAD's motion, the defendant does not dispute that the above potential

issues lack merit. Instead, the defendant states that "there are other issues that could be argued,"

such as ineffective assistance of trial counsel for failing to obtain an independent fitness evaluation.

We also note that the only issue raised in the defendant's motion to reconsider sentence was that

the sentence was excessive and unjustified.

¶ 17    As such, we agree with OSAD that the issues of whether the defendant's admission to the

alleged violation of probation was knowing and voluntary, and whether the defendant's counsel

was required to comply with Rule 604(d) were potential issues that lacked merit. This court will,

however, address the remaining two issues since the defendant calls into question the trial court's

fitness finding in his response to OSAD's motion and the issue of the defendant's sentence was

raised in the lower court within the defendant's motion to reconsider sentence.

¶ 18                           A. Fitness to Stand Trial or Plead

¶ 19    It is well established that the criminal trial of an incompetent defendant constitutes a violation of due process. *People v. Stahl*, 2014 IL 115804, ¶ 24. Article 104 of the Code of Criminal Procedure of 1963 provides that "[a] defendant is presumed to be fit to stand trial or to plead, and be sentenced. A defendant is unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense." 725 ILCS 5/104-10 (West 2022). Where a *bona fide* doubt as to the defendant's fitness is raised, the trial court must hold a hearing to make a fitness determination. *Stahl*, 2014 IL 115804, ¶ 26; 725 ILCS 5/104-11(a) (West 2022).

¶ 20    We will only reverse the trial court's ruling on the issue of fitness if it is against the manifest weight of the evidence. *Stahl*, 2014 IL 115804, ¶ 40; *People v. Finlaw*, 2023 IL App (4th) 220797, ¶ 53. The trial court's inquiry into a defendant's fitness should be "active, not passive"—the trial court must render its decision based on its independent discretion, rather than the opinions of the experts. *Finlaw*, 2023 IL App (4th) 220797, ¶ 50. Furthermore, the trial court cannot base its fitness determination solely on the parties' stipulation to the existence of psychiatric conclusions or findings. *People v. Shaw*, 2015 IL App (4th) 140106, ¶ 26. However, where the parties stipulate to what the expert evaluator would testify, rather than to the expert's conclusion, the trial court may consider the stipulated testimony in conducting its fitness inquiry. *Id*.

¶ 21    At the request of defense counsel, the trial court in this matter appointed Dr. Klug to conduct a psychological evaluation of the defendant. Dr. Klug prepared a report of his evaluation, in which he opined that the defendant was fit to stand trial. The trial court held a fitness hearing, at which the defendant and the State stipulated that, if called, Dr. Klug would testify consistently with his report. In rendering its decision, the trial court stated that it had reviewed Dr. Klug's report

6

and considered the parties' stipulation and, based on the evidence, it found the defendant fit to stand trial.

¶ 22     Nothing in the record supports an argument that the trial court's decision was against the manifest weight of the evidence. The trial court did not improperly rely solely on the parties' stipulation to Dr. Klug's report. Rather, it conducted an independent inquiry, in which it considered the report and the stipulations of the parties, and was able to observe the defendant.

¶ 23     Lastly, in his response to OSAD's motion to withdraw as counsel, the defendant argues that OSAD could raise a claim of ineffective assistance of trial counsel based on the latter's failure to obtain an "independent evaluation concerning [his] fitness other than the one by the state" prior to his pleading guilty. In making this argument, the defendant characterizes Dr. Klug as being selected by the State to evaluate him and implies that Dr. Klug's testimony would have been given on behalf of the State.

¶ 24     He is, however, mistaken—the defendant's attorney requested the fitness evaluation, and the trial court, not the State, appointed Dr. Klug to conduct an independent psychological examination. Both the defense and the State stipulated that Dr. Klug would testify consistently with the contents of his report. There is no evidence in the record to suggest that the trial court's selection of Dr. Klug as the independent examiner was in any way improper, or that Dr. Klug had any biases that prejudiced the defendant and/or inappropriately influenced the trial court's fitness inquiry. There is also nothing in the record indicating that the defendant did not agree with his attorney's stipulation as to what Dr. Klug would testify. Thus, the defendant could not maintain an ineffective assistance of counsel claim under his proposed argument. Therefore, we conclude that there is no meritorious argument to be made on the issue of the defendant's fitness to stand trial or enter a plea.

7

¶ 25                                B. Sentencing

¶ 26     A trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). A sentence within the statutorily mandated range is presumed to be proper. *People v. Hamilton*, 361 Ill. App. 3d 836, 846 (2005). Additionally, a defendant whose probation is revoked may receive any sentence that could have been imposed for the original offense. *People v. Varghese*, 391 Ill. App. 3d 866, 876 (2009). He may not, however, be punished for any conduct that gave rise to the probation violation. *Id.* Generally, a sentence within the statutory range for the original offense " 'will not be set aside on review *unless* the reviewing court is strongly persuaded that the sentence imposed after revocation of probation was *in fact* imposed as a penalty for the conduct, which was the basis of the revocation, and *not* for the original offense.' " (Emphases in original and internal quotation marks omitted.) *Id.* (quoting *People v. Vilces*, 186 Ill. App. 3d 983, 986 (1989)).

¶ 27     We review the trial court's sentencing decisions for an abuse of discretion. *Alexander*, 239 Ill. 2d at 212. We will not find that the trial court abused its discretion unless the sentence is " 'greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Stacey*, 193 Ill. 2d 203, 210 (2000)); *People v. Means*, 2017 IL App (1st) 142613, ¶ 14. We give great deference to the trial court's judgment regarding sentencing because the trial court, having observed the defendant and the proceedings, " 'has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age.' " *Alexander*, 239 Ill. 2d at 213 (quoting *Stacey*, 193 Ill. 2d at 209). Therefore, we will not substitute our judgment for that of the trial court merely because we would have weighed these factors differently. *Id.*

¶ 28　　Here, all of the sentences that the defendant received were within the statutorily-mandated ranges for the respective offenses. He received terms of incarceration of: (1) 5 years for Class 3 burglary to a motor vehicle (with a statutory range of 2 to 5 years) (730 ILCS 5/5-4.5-40(a) (West 2018)); (2) 5½ years for Class 2 aggravated domestic battery (with a statutory range of 3 to 7 years) (730 ILCS 5/5-4.5-35(a) (West 2020)); (3) 5 years for an extended-term eligible Class 4 violation of order of protection (with a statutory range of 3 to 6 years) (*id.* § 5-4.5-45(a)); and, (4) 5 years for an extended-term eligible Class 3 aggravated battery (with a statutory range of 5 to 10 years) (*id.* §§ 5-8-2, 5-5-3.2(b)).

¶ 29　　At the sentencing hearing, the trial court considered various factors in mitigation and aggravation. Specifically, in aggravation, the trial court considered the defendant's history of prior delinquency and criminal conduct, and the need for deterrence. In mitigation, the trial court considered the defendant's history of mental and physical health issues; the hardship to his dependents; the time that had passed since his prior criminal activity; the fact that the defendant's conduct was the result of circumstances unlikely to reoccur if he received a lesser sentence; and, that the defendant did not contemplate that his conduct would cause or threaten serious harm. The trial court also stated that it found it appropriate to have the sentences run concurrently, rather than consecutively.

¶ 30　　Therefore, we find that the record shows that the trial court did not abuse its discretion in sentencing the defendant after revoking his probation. We further find that there is no meritorious argument to be made otherwise.

¶ 31　　Lastly, in his response to OSAD's motion, the defendant argues that if we allow OSAD to withdraw as counsel, we must appoint new counsel to represent him on appeal. He contends that the appointment of appellate counsel "is required where appellant is a layman at law and would

9

not be able to represent himself *** given his mental fitness [is] in question in this appellate matter." First, we have already discussed whether the defendant could raise a meritorious claim that the trial court erred in finding him fit to stand trial and determined that he cannot. Therefore, his mental fitness is not in question in this appeal. Second, we have concluded that there are no meritorious arguments that could be raised in this appeal and the defendant's request is therefore moot.

¶ 32                                    III. CONCLUSION

¶ 33     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the trial court's judgment.

¶ 34     Motion granted; judgment affirmed.