THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEFAN A. MOORE, Defendant-Appellant.

Fourth District    No. 4—94—0720

Opinion filed August 1, 1996.—Rehearing denied August 29, 1996.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant Stefan Moore appeals an order of the circuit court of Champaign County dismissing his petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1994)) as frivolous and patently without merit. Defendant's petition made several allegations of denial of his constitutional rights. Pertinent to this appeal is the allegation that he was denied due process of law when the trial court impermissibly increased his sentence on remand after an appeal to this court. *People v. Moore*, 250 Ill. App. 3d 906, 620 N.E.2d 583 (1993). In September 1992, defendant was convicted of two counts of aggravated criminal sexual assault. Ill. Rev. Stat. 1991, ch. 38, par. 12—14(b)(1). After a sentencing hearing, the trial court sentenced him to consecutive terms of 12 and 18 years' imprisonment, believing that consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)). On appeal to this court, it was determined that consecutive sentences were not mandated and the cause was remanded for resentencing. *Moore*, 250 Ill. App. 3d at 918, 620 N.E.2d at 592. By order entered on April 1, 1994, the trial court resentenced defendant to concurrent terms of 30 years' imprisonment on each count. On appeal from this order, the sole issue was that the sentencing order failed to reflect the true amount of credit for time served by defendant, which the record showed the

trial court intended to grant. This court vacated that portion of the sentence and remanded with directions to allow defendant the proper amount of credit. *People v. Moore*, No. 4—94—0362 (August 11, 1995) (unpublished order under Supreme Court Rule 23).

On June 24, 1994, while this latter appeal was pending, defendant filed his *pro se* petition for post-conviction relief. The petition alleged that, on remand, the trial court imposed "retaliatory" sentences of 30 years on each conviction. In the circuit court's order dismissing the petition entered on July 20, 1994, it relied upon this court's decision in *People v. Todd*, 263 Ill. App. 3d 435, 636 N.E.2d 114 (1994), in finding that the trial court's sentence imposed after remand was permissible. Thereafter, defendant filed his notice of appeal.

■ Section 5—5—4 of the Code (730 ILCS 5/5—5—4 (West 1994)) prohibits the imposition of a more severe sentence upon remand, where a conviction or sentence has been set aside on direct review or collateral attack, unless a more severe sentence is warranted based upon the defendant's conduct occurring after the original sentencing. Section 5—8—1(c) of the Code (730 ILCS 5/5—8—1(c) (West 1994)) provides that the trial court may reduce a sentence within 30 days of sentencing, but it may not increase a sentence once it is imposed.

Defendant argues the increase in his sentences was a violation of his constitutional right to due process of law. In this argument, he relies upon the recent decision of our supreme court in *People v. Kilpatrick*, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995). In that case, the defendant was sentenced to consecutive terms of six years' imprisonment for home invasion and nine years' imprisonment for attempt (murder). On defendant's motion for reconsideration, the trial court vacated the sentences and imposed a single sentence of 15 years' incarceration. After the appellate court affirmed, the supreme court took the case. The supreme court held that section 5—8—1(c) of the Code prohibits a trial court from imposing a longer sentence on reconsideration, despite the fact that the aggregate period of imprisonment remains the same. For this purpose, the supreme court stated that consecutive sentences are not to be treated as a unitary disposition, noting that the increased term of imprisonment would delay the date on which the defendant could request parole, thus causing him prejudice. *Kilpatrick*, 167 Ill. 2d at 446-47, 657 N.E.2d at 1008.

*Kilpatrick* implicitly overruled this court's decision in *Todd* (263 Ill. App. 3d at 438, 636 N.E.2d at 116), in which the trial court resentenced defendant on remand to three concurrent 12-year sentences after defendant's three consecutive four-year sentences were

vacated on review. This court affirmed, noting that defendant's total period of incarceration did not increase upon his resentencing. Although *Todd* involved section 5—5—4 of the Code, rather than section 5—8—1(c), *Kilpatrick* applied the same analysis to both sections.

The State argues that defendant has waived this argument, since it was not presented to this court in the direct appeal. In addition, the State argues that defendant may not claim the benefit of the *Kilpatrick* decision, because that case was not decided until after the decision in his direct appeal had been issued.

*Kilpatrick* noted that section 5—8—1(c) of the Code is consistent with the United States Supreme Court's decision in *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), in which the defendant had received a longer sentence on conviction after retrial than his original sentence. In holding, under the facts of the case, that the sentence was improperly imposed, the court said:

> "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.

■ Citing *Pearce*, defendant argues it is a violation of due process for a trial judge to impose a more severe sentence after a defendant successfully attacks his or her first conviction. The above quotation, however, demonstrates the inaccuracy of defendant's argument. Under the due-process clause, there is no *per se* rule prohibiting longer sentences on retrial and conviction. It is only where an increased sentence is the product of judicial vindictiveness that due process is denied.

We conclude that the trial court's dismissal of defendant's postconviction petition may be affirmed, despite its reliance on the now-discredited *Todd* decision. See *O'Loughlin v. Servicemaster Co. Ltd. Partnership*, 216 Ill. App. 3d 27, 39, 576 N.E.2d 196, 205 (1991) (a trial court judgment may be affirmed on any basis warranted by the record). The question on which we must rule is whether the supreme court's decision in *Kilpatrick* is to be applied retroactively to collateral proceedings. This, in turn, depends upon whether *Kilpatrick* announced a new constitutional rule of criminal procedure. If so, then we must decide whether this new rule comes within either of the two recognized exceptions to the general rule that new rules will not be applied retroactively.

In *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989), the Supreme Court was called upon to determine whether its decision in *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), concerning the racial composition of petit juries, would be applied retroactively in a federal *habeas corpus* proceeding. The Court said that a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final. *Teague*, 489 U.S. at 301, 103 L. Ed. 2d at 349, 109 S. Ct. at 1070 (opinion of O'Connor, J., joined by Rehnquist, C.J., and Scalia and Kennedy, JJ.). In *Butler v. McKellar*, 494 U.S. 407, 415, 108 L. Ed. 2d 347, 356-57, 110 S. Ct. 1212, 1217-18 (1990), the Court indicated that when differing opinions had been rendered by lower courts on the issue being decided, this would indicate that a new rule was being established and not simply applying existing law to the facts of the case.

■ As we have stated, the general rule is that new rules are not to be applied retroactively to cases on collateral review. *Teague*, 489 U.S. at 310, 103 L. Ed. 2d at 356, 109 S. Ct. at 1075 (opinion of O'Connor, J., joined by Rehnquist, C.J., and Scalia and Kennedy, JJ.). However, there are two recognized exceptions. The first is where the new rule places certain kinds of individual conduct beyond the scope of the criminal laws and, second, where the new rule requires the observance of procedures which are " ' "implicit in the concept of ordered liberty." ' " *Teague*, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct. at 1073 (opinion of O'Connor, J., joined by Rehnquist, C.J., and Scalia and Kennedy, JJ.), quoting *Mackey v. United States*, 401 U.S. 667, 693, 28 L. Ed. 2d 404, 421, 91 S. Ct. 1160, 1180 (1971) (Harlan, J., concurring in the judgment). This latter exception is limited to those procedures central to an accurate determination of guilt or innocence. *Teague*, 489 U.S. at 313, 103 L. Ed. 2d at 358, 109 S. Ct. at 1077 (opinion of O'Connor, J., joined by Rehnquist, C.J., and Scalia and Kennedy, JJ.).

Our supreme court has applied this doctrine in a context similar to the one which confronts us here. In *People v. Flowers*, 138 Ill. 2d 218, 561 N.E.2d 674 (1990), the defendant was convicted of murder, armed robbery, and armed violence. His convictions were affirmed on direct review. He filed a petition for post-conviction relief, which was dismissed by the trial court on the State's motion. The appellate court reversed that decision, applying retroactively the supreme court's decision in *People v. Reddick*, 123 Ill. 2d 184, 526 N.E.2d 141 (1988), in which it was held that the State has the burden to disprove two mitigating mental states required in a voluntary manslaughter conviction if they were raised by the defendant. *Reddick* also held

the jury instructions were erroneous in not appropriately stating the burdens of proof and that they were misleading and confusing. *Reddick*, 123 Ill. 2d at 197, 526 N.E.2d at 146. In reversing the appellate court, the supreme court in *Flowers* applied the principles set forth in *Teague* and held that the *Reddick* decision announced a new rule. In doing so, the court noted the result in *Reddick* was not dictated by existing precedent and, prior to *Reddick*, at least one panel of the appellate court had ruled that the State did not bear the burden of disproving the affirmative defenses. The court further found that the first exception to the general principle of inapplicability of the new rule to collateral proceedings did not apply. It also found its decision in *Reddick* did not establish such a component of basic due process as to warrant inclusion within the second exception. *Flowers*, 138 Ill. 2d at 241-42, 561 N.E.2d at 683-84.

■ Applying *Teague, Butler,* and *Flowers* to the instant case, we conclude that the supreme court's decision in *Kilpatrick* announced a new rule, which ordinarily will not be given retroactive application to post-conviction proceedings. *Kilpatrick* was not simply an application of existing statutory law to the facts of that case. While the language of sections 5—5—4 and 5—8—1(c) of the Code is deceptively simple in stating that a sentence may not be increased upon remand or reconsideration, courts have not been uniform in the application of those sections. This court's decision in *Todd* found that the language of section 5—5—4 of the Code did not prohibit increasing individual sentences, as long as the combined total of the sentences did not exceed the prior vacated sentence. On the other hand, the second district, in *People v. Rivera*, 212 Ill. App. 3d 519, 571 N.E.2d 202 (1991), came to a contrary conclusion in a case involving section 5—8—1(c) of the Code. There, the defendant had received a combination of consecutive and concurrent prison sentences totaling 16 years. He filed a motion to reduce the sentences. After hearing the motion, the trial court increased the individual sentences, but the combined total of years remained the same. The appellate court held the sentences had been improperly increased, in violation of section 5—8—1(c) of the Code, despite the fact that the total length of the sentences did not increase. *Rivera*, 212 Ill. App. 3d at 525, 571 N.E.2d at 206.

We must next consider whether the new rule announced in *Kilpatrick* comes within either of the two exceptions to retroactivity. We hold that it does not. Both exceptions are clearly inapplicable to the *Kilpatrick* rule. Therefore, defendant is not entitled to the benefit of

the rule, and we affirm the trial court's decision dismissing his post-conviction petition on this basis.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.