(No. 81947.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. STEFAN A. MOORE, Appellant.

*Opinion filed October 2, 1997.*

HEIPLE, J., joined by BILANDIC, J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Lawrence

Bapst and Khalil Cox, Assistant Defenders, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and Thomas Difanis, State's Attorney, of Urbana (Barbara A. Preiner, Solicitor General, and Arleen C. Anderson and Michael M. Glick, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

In this appeal, we are asked to determine whether our decision in *People v. Kilpatrick*, 167 Ill. 2d 439 (1995), should be applied retroactively to the case at bar. In *Kilpatrick*, this court held that section 5—8—1(c) of the Unified Code of Corrections prohibits a trial court from imposing a longer sentence on reconsideration, despite the fact that the aggregate period of imprisonment remains the same. In this case, defendant originally received consecutive sentences of 12 and 18 years' imprisonment for two counts of aggravated criminal sexual assault and was subsequently resentenced to concurrent terms of 30 years' imprisonment on each count. Defendant raised the issue regarding his sentence being improperly increased in his post-conviction petition and the trial court dismissed the petition finding that the increased sentence was permissible. The appellate court affirmed, reasoning that *Kilpatrick* should not be given retroactive application because it established a new rule of law. 282 Ill. App. 3d 602. We granted defendant's petition for leave to appeal. 155 Ill. 2d R. 315. For the reasons which follow, we reverse and remand.

Defendant, Stefan Moore, was convicted of two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14(b)(1)), based on acts he

committed against his niece while he was living with his brother's family. After a sentencing hearing, the trial court sentenced Moore to consecutive terms of 12 years' imprisonment for the charge stemming from the summer of 1990 and 18 years' imprisonment based on the incident which occurred on January 30, 1992. The court reasoned that the offenses were part of a single course of conduct and, therefore, consecutive sentences were mandatory under section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—4(a)). Moore appealed. The appellate court vacated his sentences and remanded to the trial court for resentencing on the grounds that the offenses could not be considered part of a single course of conduct due to the lapse of time between them. *People v. Moore*, 250 Ill. App. 3d 906, 918 (1993).

On April 1, 1994, the trial court resentenced Moore to concurrent terms of 30 years' imprisonment on each count of aggravated criminal sexual assault. On direct appeal from defendant's resentencing hearing, the sole issue he raised was that the sentencing order failed to reflect the true amount of time he served. On August 11, 1995, the appellate court vacated a portion of the sentence and remanded with directions to allow defendant the proper amount of credit for time already served. No. 4—94—0362 (unpublished order under Supreme Court Rule 23).

On June 24, 1994, while defendant's direct appeal from his resentencing hearing was pending, he filed a *pro se* petition for post-conviction relief alleging that the trial court erred in increasing his sentence to 30 years for each count. The trial court dismissed defendant's petition without a hearing on July 20, 1994. The trial court, relying on *People v. Todd*, 263 Ill. App. 3d 435 (1994), reasoned that increasing a defendant's sentence on remand is permissible as long as the total period of incarceration does not increase.

After the trial court dismissed Moore's post-conviction petition, on October 26, 1995, this court rejected the reasoning in *Todd*, in *People v. Kilpatrick*, 167 Ill. 2d 439 (1995), and held that upon reconsideration, a trial court cannot impose a longer sentence, despite the fact that the aggregate period of imprisonment remains the same. The defendant in *Kilpatrick* was originally sentenced to consecutive terms of six years' imprisonment for his home invasion conviction and a nine-year term for his attempted murder conviction. The trial court eventually granted defendant's motion to reconsider his sentences, vacated his consecutive sentences, and imposed a single sentence of 15 years' imprisonment. In *Kilpatrick*, this court reasoned that the fact that the total number of years' imprisonment remained the same did not negate the fact that defendant's sentence was improperly increased in violation of section 5—8—1(c) of the Code of Corrections. *Kilpatrick*, 167 Ill. 2d at 446-47.

Relying on *Kilpatrick*, Moore argued on appeal from the dismissal of his post-conviction petition that he was denied due process of law when the trial court impermissibly increased his sentence on remand. The appellate court recognized that under *Kilpatrick*, Moore's increased sentence was improper. However, the court held that *Kilpatrick* should not be applied retroactively to the case at bar because it announces a new rule of law. 282 Ill. App. 3d at 607. The appellate court refused to apply the reasoning from *Kilpatrick* to the present case and affirmed the trial court's dismissal of Moore's post-conviction petition on August 1, 1996.

Before this court, Moore contends that our decision in *Kilpatrick* should be given retroactive application because it does not create a new rule of law, but merely applies existing statutory and case law to the facts of the case. The State responds that *Kilpatrick* announced

a new rule of law which should not be applied retroactively to a case on collateral review. Furthermore, the State contends that we need not even address the issue of *Kilpatrick*'s retroactivity, and argues that this claim is waived because defendant never raised it on direct appeal. The State notes that in defendant's direct appeal from the resentencing hearing, the only issue he raised concerned the incorrect calculation of time served to be credited to defendant. According to the State, Moore's failure to challenge his increased sentence on direct appeal, when he allegedly had the opportunity to do so, should result in the waiver of that claim on post-conviction review. We will first address the State's contention that Moore waived this sentencing issue by not raising it on direct appeal.

The Post-Conviction Hearing Act provides a remedy to criminal defendants when they claim that substantial violations of their constitutional rights occurred in their trials. *People v. Owens*, 129 Ill. 2d 303, 307 (1989). A post-conviction proceeding is a collateral attack upon a final judgment and "the scope of post-conviction review is limited to issues which have not been, and could not have been, previously adjudicated." *Owens*, 129 Ill. 2d at 307-08. In a post-conviction proceeding, the determinations of the reviewing court on the prior direct appeal "are *res judicata* as to issues actually decided and issues that could have been presented on direct appeal, but were not, are deemed waived." *People v. Whitehead*, 169 Ill. 2d 355, 371 (1996). This court has noted, however, that the application of the waiver rule is not a jurisdictional or absolute bar to review of procedurally defaulted claims, but rather is a rule of administrative convenience. *Whitehead*, 169 Ill. 2d at 371. Therefore, the strict application of *res judicata* and the waiver rule will be relaxed in post-conviction proceedings where "fundamental fairness" so requires. *Whitehead*, 169 Ill.

2d at 371. Moreover, "where the alleged waiver stems from incompetency of appointed counsel on appeal, the doctrine is also relaxed." *Whitehead*, 169 Ill. 2d at 371.

Moore asserts that the issue regarding his sentences being unconstitutionally increased was not raised on direct appeal due to ineffective assistance of appellate counsel. It is well established that "[t]he doctrine of waiver does not bar review of an issue when the waiver arises from ineffective assistance of appellate counsel." *People v. Foster*, 168 Ill. 2d 465, 474 (1995). To prove his claim of ineffective assistance of counsel, defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and that (2) counsel's deficient performance resulted in prejudice to defendant. *Strickland v. Washington*, 466 U.S. 668, 688-92, 80 L. Ed. 2d 674, 693-96, 104 S. Ct. 2052, 2064-67 (1984). We address the merits of defendant's claim, that his sentences were improperly increased, to determine whether appellate counsel's failure to raise this issue on direct appeal amounted to ineffective assistance. If defendant's claim of improper resentencing is meritorious, then clearly, counsel's failure to raise this issue on direct appeal resulted in prejudice to defendant.

As stated, relying on *Kilpatrick*, Moore contends that the trial court improperly increased his sentences on remand. Moore points out that under *Kilpatrick*, his sentences could not be increased even if the total period of incarceration remained the same. In both *Kilpatrick* and the case at bar, the defendants were originally sentenced to two terms of imprisonment which were to be served consecutively. Subsequently, both defendants were resentenced to either concurrent sentences or a single sentence which basically combined the two terms they were originally sentenced to serve.

In *Kilpatrick*, this court held that when the trial court increased the defendant's sentence to a single 15-

year term, it contravened the provision in section 5—8—1(c) of the Unified Code of Corrections which states that " 'A motion to reduce a sentence may be made, or the court may reduce a sentence without a motion, within 30 days after the sentence is imposed. However, the court may not increase a sentence once it is imposed.' " (Emphasis omitted.) *Kilpatrick*, 167 Ill. 2d at 442, quoting 730 ILCS 5/5—8—1(c) (West 1992). This court reasoned in *Kilpatrick* that although the total number of years' imprisonment remained the same, the sentence was still increased from either six or nine years' incarceration to 15 years in prison. *Kilpatrick*, 167 Ill. 2d at 447.

The *Kilpatrick* court relied on section 5—8—1(c), which addresses motions to reduce sentence, for its holding that courts are prohibited from increasing a sentence once it has been imposed. However, the court in *Kilpatrick* also applied the same analysis to section 5—5—4 of the Code of Corrections, which is the section at issue in this case. Section 5—5—4 provides that:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." 730 ILCS 5/5—5—4 (West 1994).

The court in *Kilpatrick* indicated that section 5—5—4 also prevents a sentencing court from increasing a defendant's term of imprisonment. The court specifically rejected the reasoning in *People v. Todd*, 263 Ill. App. 3d 435 (1994), which held that increased sentences were permissible on remand under section 5—5—4, as long as defendant's new sentence is no more severe than his original. *Kilpatrick*, 167 Ill. 2d at 445, citing *Todd*, 263 Ill. App. 3d at 438. We conclude that if *Kilpatrick*

were to be applied retroactively, its reasoning would clearly extend to the case at bar, preventing the sentencing court from increasing Moore's term of imprisonment after his original sentence was set aside on direct review.

We next address whether retroactive application of *Kilpatrick* is proper in this case. Generally, decisions which announce "new rules" are not to be applied retroactively to cases pending on collateral review. *Teague v. Lane*, 489 U.S. 288, 304-05, 103 L. Ed. 2d 334, 352, 109 S. Ct. 1060, 1072 (1989); *Penry v. Lynaugh*, 492 U.S. 302, 313, 106 L. Ed. 2d 256, 274, 109 S. Ct. 2934, 2944 (1989); *Butler v. McKellar*, 494 U.S. 407, 412, 108 L. Ed. 2d 347, 355, 110 S. Ct. 1212, 1216 (1990). *Teague* recognized two exceptions under which a new rule is available on collateral review. The first exception applies to those rules that place " 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.' [Citation.]" *Teague*, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct. at 1073. Under the second exception, a new rule should be applied retroactively on collateral review "if it requires the observance of 'those procedures that ... are "implicit in the concept of ordered liberty." ' [Citations.]" *Teague*, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct. at 1073. Neither one of the exceptions is at issue here; so our inquiry is confined to the question of whether *Kilpatrick* announced a new rule of law.

The United States Supreme Court has conceded that it is often difficult to determine when a case announces a new rule and chose not to define the spectrum of what may or may not constitute a new rule for retroactivity purposes. *Teague*, 489 U.S. at 301, 103 L. Ed. 2d at 349, 109 S. Ct. at 1070. *Teague* stated that in general, however, a case announces a "new rule" when it breaks new ground or imposes a new obligation on the state or

federal government. *Teague*, 489 U.S. at 301, 103 L. Ed. 2d at 349, 109 S. Ct. at 1070. Put differently, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." (Emphasis in original.) *Teague*, 489 U.S. at 301, 103 L. Ed. 2d at 349, 109 S. Ct. at 1070. A case does not announce a new rule if " ' "it has simply applied a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law." ' [Citations.]" *Penry*, 492 U.S. at 314, 106 L. Ed. 2d at 275, 109 S. Ct. at 2944. With these basic guidelines in mind, we conclude that a decision clearly does not announce a new rule if it merely applies existing precedent to an analogous set of facts.

We will examine whether *Kilpatrick* announced a "new rule" or merely applied existing precedent to the facts of the case. As stated, *Kilpatrick* holds that section 5—8—1(c) of the Code of Corrections prohibits a trial court from increasing consecutive sentences of six and nine years to a single 15-year sentence, despite the fact that the aggregate period of imprisonment remains the same. In reaching this holding, we relied on the United States Supreme Court's decision in *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). In *Kilpatrick*, we noted that section 5—8—1(c) is consistent with the reasoning in *Pearce*, which states that due process may prohibit a judge from imposing a more severe sentence where a defendant has been convicted following a retrial. *Kilpatrick*, 167 Ill. 2d at 443.

*Pearce* held that the more severe sentences imposed on two defendants who were retried and reconvicted were unconstitutional because no justification was offered to explain the increase. *Pearce*, 395 U.S. at 725-26, 23 L. Ed. 2d at 669-70, 89 S. Ct. at 2080-81. The Court reasoned that due process of law:

"requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." *Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.

The Court in *Pearce* required that a trial judge's reasons for imposing a heavier sentence appear in the record and be based upon objective information concerning identifiable conduct of defendant occurring after the time of the original sentencing.

This court followed *Pearce* in *People v. Baze*, 43 Ill. 2d 298, 303 (1969), which held that an increased sentence after retrial is only proper if the trial court is able to point to specific conduct on the part of defendants occurring subsequent to their original sentencing, which warrants a heavier sentence. Furthermore, in 1973, the Illinois legislature incorporated the *Pearce* and *Baze* decisions when it enacted section 5—5—4, which also provides that on resentencing, a trial court shall not impose a more severe sentence unless it is based upon conduct on the part of the defendant which occurred subsequent to the original sentencing. *People v. Rivera*, 166 Ill. 2d 279, 295 (1995).

Clearly, it has been the rule in Illinois for over 20 years that defendants are not to be resentenced to longer periods of incarceration unless the increased sentence is based on conduct occurring subsequent to the original sentencing. Our decision in *Kilpatrick* was merely an attempt to apply the language from sections 5—8—1(c) and 5—5—4 and the reasoning from *Pearce* to the facts of that case. The rule enunciated in *Kilpatrick* was predicated on well-settled principles of law

announced in *Pearce* and later codified in section 5—5—4.

It is well established that a harsher sentence imposed after a successful appeal or motion to reconsider is only proper if it is based on additional bad conduct performed by the defendant after the original sentencing. This was not the scenario in *Kilpatrick*, or the case at bar, because there was no additional conduct which a trial judge could use to justify an increased sentence. Under *Pearce* and sections 5—8—1(c) and 5—5—4, such an increase is clearly improper. Therefore, the decision in *Kilpatrick* merely applied existing precedent and statutory law to the facts of the case.

The only question which *Kilpatrick* clarified was whether modifying consecutive sentences of nine and six years' imprisonment to a single 15-year term amounted to an increase, when the aggregate number of years' imprisonment remained the same. However, this court also relied on existing precedent to answer this issue raised in *Kilpatrick*. We followed the analysis of the appellate court in *People v. Rivera*, 212 Ill. App. 3d 519 (1991), which held that the trial court was barred from increasing a defendant's sentence upon reconsideration, despite the fact that the defendant's total number of years' incarceration remained unchanged.

In *Rivera,* defendant was convicted of multiple counts of burglary and was sentenced to four consecutive sentences of four years each for a total of 16 years' imprisonment. Upon defendant's motion to reconsider, the circuit court regrouped defendant's convictions, separating the offenses into two groups. Each group was composed of three burglary convictions and each conviction within the same group went from a four- to a six-year sentence. In addition, each of the two groups was to be served consecutively, for a total of 12 years' imprisonment. The circuit court further imposed a four-

year term, to be served consecutively, for a remaining conviction. Therefore, defendant's aggregate period of imprisonment remained the same at 16 years.

On review, in *Rivera*, the appellate court reduced the defendant's sentences on the six burglary convictions from six- to four-year terms of imprisonment. The court reasoned that under section 5—8—1(c) a sentence may not be increased when a motion to reduce is made. The court further stated that: "Although the total number of years for all of the sentences remained the same, the sentences for each group ordered to be served consecutively are not one sentence. [Citation.] The fact that the total number of years remained the same due to the consecutive nature of the sentences does not change the fact that each individual sentence was increased." *Rivera*, 212 Ill. App. 3d at 525. In *Rivera*, the court went on to reason that "should this court determine that consecutive sentences were not required, defendant would be faced with concurrent terms of six years' imprisonment rather than four years' imprisonment on each burglary conviction." *Rivera*, 212 Ill. App. 3d at 525. The court concluded that the trial court improperly increased the individual sentences on the six burglary convictions.

The facts in *Kilpatrick* were almost identical to those in *Rivera*. In both cases sentences were increased, but the aggregate period of imprisonment which each defendant faced remained the same. *Rivera* determined that this was still considered a sentencing increase under section 5—8—1(c). *Kilpatrick* properly relied on *Rivera*'s reasoning that consecutive sentences are not treated as a single sentence under section 5—8—1(c). Furthermore, *Kilpatrick* followed *Rivera*'s holding that although the total number of years for all of the sentences remained the same, the fact that each individual sentence is increased violates the express terms of

5—8—1(c). Again, we conclude that *Kilpatrick* simply applied existing Illinois precedent to an analogous set of facts. The holding in *Kilpatrick* was compelled by *Pearce*, *Rivera*, and Illinois statutory law.

The State points out that a contrary result was reached by another appellate district in *People v. Todd*, 263 Ill. App. 3d 435 (1994). The State argues that since the opposite result was reached in *Todd*, the holding in *Kilpatrick* was not dictated by all existing precedent and, therefore, *Kilpatrick* announced a new rule of law. Furthermore, the appellate court in this case reasoned that when differing opinions have been rendered by lower courts on the issue being decided, this indicates that a new rule was being established. 282 Ill. App. 3d at 606, citing *Butler v. McKellar*, 494 U.S. 407, 415, 108 L. Ed. 2d 347, 356-57, 110 S. Ct. 1212, 1217-18 (1990).

We find that the fact that a given case reached a contrary result is not dispositive in our analysis of whether *Kilpatrick* announced a new rule. The "new rule" principle "validates reasonable, good-faith interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions." *Butler*, 494 U.S. at 414, 108 L. Ed. 2d at 356, 110 S. Ct. at 1217. For a decision to be considered a new rule, its outcome must be "susceptible to debate among reasonable minds." See *Butler*, 494 U.S. at 415, 108 L. Ed. 2d at 356, 110 S. Ct. at 1217. Therefore, when contrary decisions exist, they must be reasonable interpretations of existing precedent to effect the new rule analysis.

As in *Kilpatrick*, we reject the court's reasoning in *Todd* and find that its holding was not a reasonable application of existing precedent. In *Todd*, the appellate court, with one dissent, rejected the defendant's argument that on resentencing, section 5—5—4 prevents a trial court from imposing a more severe sentence than originally imposed.

The appellate court reasoned that defendant's sentence on remand, of three 12-year sentences to run concurrently, was no more severe than his original sentence of three four-year terms of imprisonment to be served consecutively. *Todd*, 263 Ill. App. 3d at 438.

We disagree with this reasoning and find that *Todd* conflicts with *North Carolina v. Pearce* and the plain language of sections 5—8—1(c) and 5—5—4 of the Code. As stated, *Pearce* and sections 5—8—1(c) and 5—5—4 clearly prohibit increasing a defendant's sentence for the same offense unless such an increase is based on conduct occurring subsequent to the original sentence. Furthermore, consecutive sentences are not treated as a single sentence under *Pearce* or sections 5—8—1(c) and 5—5—4. Therefore, although the total number of years for all the sentences may remain the same for a defendant, increasing the number of years which a defendant must serve for a specific offense is considered an improper increase in violation of *Pearce* and sections 5—8—1(c) and 5—5—4.

We find that it would be illogical and an unreasonable interpretation of prior precedent and statutory law to treat consecutive sentences as one sentence. Even the dissent in *Todd* agreed that since defendant was originally sentenced to four-year terms of imprisonment on three different counts of criminal sexual assault, defendant could not be resentenced to a 12-year term for any of the three counts. *Todd*, 263 Ill. App. 3d at 439 (Lund, J., dissenting). We conclude that when an individual sentence for a specific conviction is increased, this must be considered a sentencing increase under *Pearce* and sections 5—8—1(c) and 5—5—4. *Kilpatrick* followed existing precedent and properly rejected an unreasonable interpretation of the law in *Todd*. For these reasons, we hold that *Kilpatrick* did not announce a new rule of law and, therefore, its holding may be applied retroactively to the case at bar.

Since we find defendant's contention that his sentences were improperly increased on remand to be meritorious, we must conclude that his appellate counsel's failure to raise this issue on direct appeal resulted in prejudice to defendant. Clearly, the second prong of *Strickland* was satisfied by defendant in this case. We further find that defendant met the first prong of *Strickland,* by proving that appellate counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Although *Kilpatrick* was not decided until after defendant's direct appeal, the same issue was addressed in the earlier cases of *Rivera* and *Todd.* It was unreasonable for appellate counsel to fail to raise this meritorious issue on direct appeal. We find that defendant's claim of improper resentencing was not raised on direct appeal due to ineffective assistance of appellate counsel. Therefore, the issue was not waived and was properly considered by this court. *People v. Foster,* 168 Ill. 2d 465, 474 (1995).

For the reasons stated, the judgments of the appellate and circuit courts are reversed. The cause is remanded to the circuit court for resentencing with directions to impose sentences consistent with our opinion in this case.

*Judgments reversed;*
*cause remanded with directions.*

JUSTICE HEIPLE, dissenting:

The majority holds that *People v. Kilpatrick,* 167 Ill. 2d 439 (1995), may be applied retroactively to the case at bar because *Kilpatrick* did not announce a new rule of law. This holding is fundamentally flawed because the United States Supreme Court precedent on which it purports to rely governs only "new *constitutional* rules of criminal procedure." (Emphasis added.) *Teague v. Lane,* 489 U.S. 288, 310, 103 L. Ed. 2d 334, 356, 109 S.

Ct. 1060, 1075 (1989) (plurality opinion). The rule announced in *Kilpatrick*, however, is a rule of statutory construction, and hence not subject to *Teague*'s retroactivity analysis.

This court stated in *Kilpatrick* that the issue presented was "whether the trial court violated section 5—8—1(c) when the court vacated the defendant's consecutive sentences of nine and six years' imprisonment and instead imposed a 'single sentence' of 15 years' incarceration." *Kilpatrick*, 167 Ill. 2d at 440. We then concluded that "the trial court contravened the explicit dictates of section 5—8—1(c) when it impermissibly increased the sentences for defendant's two convictions ***." *Kilpatrick*, 167 Ill. 2d at 446-47. Thus, our decision was based on a statutory rather than a constitutional violation.

Although we noted in *Kilpatrick* that our interpretation of section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)) "serves the goals identified in [*North Carolina v.*] *Pearce*," 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), we did not hold that the rule announced in *Kilpatrick* was required by *Pearce* or by any other constitutional authority. *Kilpatrick*, 167 Ill. 2d at 447. In *Pearce*, the United States Supreme Court held that a defendant is denied constitutional due process if his resentencing following a successful appeal imposes, without appropriate justification, a longer period of incarceration than his original sentence. *Pearce*, 395 U.S. at 724, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080. For example, one of the defendants in *Pearce* initially received a sentence of 10 years, but, after his original sentence was overturned on appeal, was resentenced to 25 years. *Pearce*, 395 U.S. at 714, 23 L. Ed. 2d at 663, 89 S. Ct. at 2075. In *Kilpatrick*, however, the defendant's resentencing increased the incarceration period for certain individual counts, but imposed

the same aggregate period of imprisonment as the original sentence (15 years). *Kilpatrick*, 167 Ill. 2d at 440. The United States Supreme Court has never held this practice to be constitutionally prohibited. Faced in *Kilpatrick* with this lack of constitutional precedent, this court based its prohibition of the practice solely on principles of statutory construction. See *Kilpatrick*, 167 Ill. 2d at 443.

Although a newly announced statutory rule of criminal procedure may, in certain circumstances, be applied retroactively to cases which were pending on *direct* review when the rule was announced (see *People v. Erickson*, 117 Ill. 2d 271, 289-90 (1987)), there is no authority for applying such a statutory rule to cases on *collateral* review in which the defendant's conviction became final before the rule was announced. Since the instant case falls into the latter category, I cannot agree with the majority that defendant is entitled to retroactive application of *Kilpatrick*.

Perhaps anticipating this distinction, the majority also holds that appellate counsel in this case rendered unconstitutionally ineffective assistance by not arguing on direct appeal that the new sentence imposed by the trial court on remand was improper. Appellate counsel can, however, decline to raise an issue if he believes it to be without merit. *People v. Guest*, 166 Ill. 2d 381 (1995). Defendant took his direct appeal before this court decided *Kilpatrick*. At the time of defendant's appeal, then, the rule announced in *Kilpatrick* was not the governing law in Illinois. As the majority points out, the rule eventually adopted by this court in *Kilpatrick* was rejected in *People v. Todd*, 263 Ill. App. 3d 435 (1994). At the time of defendant's direct appeal, *Todd* was the most recent appellate decision on this issue. *Todd* also was decided by the same appellate district that heard defendant's direct appeal. It was therefore entirely rea-

sonable for counsel to rely on *Todd* in choosing not to raise this issue on direct appeal. This fact also refutes the majority's contention that defendant was prejudiced by appellate counsel's failure to raise the issue; given the state of the law at the time of the appeal, there was not a reasonable probability that defendant's sentence would have been reversed had counsel argued the point. See *People v. Caballero*, 126 Ill. 2d 248, 270 (1989).

For these reasons, I respectfully dissent.

JUSTICE BILANDIC joins in this dissent.