THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP O'NEIL, Defendant-Appellant.

Fifth District   No. 5—99—0631

Opinion filed March 9, 2001.—Rehearing denied April 17, 2001.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Kendra S. Peterson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Phillip O'Neil (defendant) was found guilty of first-degree murder and sentenced to 30 years' imprisonment. On direct appeal, this court affirmed both the conviction and the sentence. *People v. O'Neil*, 294 Ill. App. 3d 1131, 721 N.E.2d 865 (1998) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). Defendant filed a petition of rehearing, which this court denied, and a petition for leave to appeal, which the Illinois Supreme Court denied (*People v. O'Neil*, 178 Ill. 2d 590, 699 N.E.2d 1035 (1998)).

Defendant filed a postconviction petition alleging ineffective trial counsel, and after an evidentiary hearing, the trial court denied the petition. The trial court found that defendant was not prevented from taking the stand, that counsel's advice that he not take the stand was not incompetent, and that counsel's performance and preparation exceeded the requirements of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)). Defendant's motion to reconsider was denied. Defendant filed this timely appeal.

The only issue raised on this appeal is whether the denial of postconviction relief was manifestly erroneous. See *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1074 (1998). We conclude that it was not, and we affirm the trial court's denial of postconviction relief.

Defendant testified at the postconviction petition hearing that he had told trial counsel that he wished to testify on his own behalf and counsel assured him that he could do so. Midtrial, however, counsel explained to defendant that self-defense was not a viable theory in this case and that by exercising his right to testify, it would hurt the case. Defendant took counsel's advice and decided not to testify.

■ The Post-Conviction Hearing Act (725 ILCS 5/122—1 (West 1998)) allows criminal defendants a remedy when substantial violations of their constitutional rights occurred at the trial. *People v. Moore*, 177 Ill. 2d 421, 427, 686 N.E.2d 587, 591 (1997). Such proceedings are collateral attacks on a final judgment. *Moore*, 177 Ill. 2d at

427, 686 N.E.2d at 591. The scope of the review is therefore limited to issues that neither have been nor could have been previously adjudicated. *Moore*, 177 Ill. 2d at 427, 686 N.E.2d at 591. The determinations of the reviewing court on the prior direct appeal are *res judicata* as to those issues actually decided, and any issues that could have been presented on direct appeal, but were not, are waived. *Moore*, 177 Ill. 2d at 427, 686 N.E.2d at 591.

■ Defendant argued on direct appeal to this court the ineffectiveness of trial counsel for failing to advance a theory of self-defense, for failing to put two specific witnesses on the stand, and for not allowing defendant to testify on his own behalf. We concluded at that time that self-defense was not a viable defense in the case and that counsel was not ineffective.

Defendant argues that courts have found the application of the doctrine of *res judicata* to be a rule of administrative convenience and that it may be relaxed when required by "fundamental fairness." See *Moore*, 177 Ill. 2d at 427-28, 686 N.E.2d at 591. Despite this fact, defendant has raised the same issues in this postconviction petition as he did on direct appeal. A defendant cannot avoid the bar of *res judicata* by merely rephrasing issues previously raised on direct appeal. *People v. Simms*, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105 (2000). Therefore, we conclude that these issues are barred by the doctrine of *res judicata*, and the trial court properly denied defendant's petition for postconviction relief.

Affirmed.

HOPKINS and GOLDENHERSH, JJ., concur.