2024 IL App (2d) 230552-U
No. 2-23-0552
Order filed September 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CC-28 |
| RONALD C. SCOTTI, | ) ) | Honorable Marmarie J. Kostelny, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Birkett and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the trial court sentenced defendant to 90 days in jail but mistakenly believed that good-time credit did not apply, the court could not subsequently modify the sentence to 180 days in jail to fulfill its intent that defendant serve 90 days in jail. Despite the trial court's original intent in sentencing defendant, the modification was an improper sentencing increase.

¶ 2    Defendant, Ronald C. Scotti, appeals his sentence for direct criminal contempt, contending, among other things, that the trial court improperly increased his original sentence.  Because the court committed plain error in increasing defendant's original sentence, we vacate the increased sentence and remand for reinstatement of the original sentence.

¶ 3                              I. BACKGROUND

¶ 4     On October 12, 2023, during a hearing on a criminal case (No. 22-CF-2054), the trial court, citing defendant's previous conduct in the courtroom and the lockup area, warned defendant that he was not permitted to scream in the courtroom and could talk only with the court's permission. While the court was discussing two warrants that had been issued, defendant interrupted. The court admonished defendant not to speak and that he could not remain in the courtroom unless he controlled himself. Defendant then went on a verbal tirade, directing numerous profanities at the court. The court found defendant in direct criminal contempt and set the case for sentencing the next day.

¶ 5     At the sentencing hearing, defendant appeared on Zoom via a jail-issued tablet. The trial court related that it had found defendant in direct criminal contempt the previous day because his conduct impeded the court proceedings, lessened the court's dignity, and tended to bring the administration of justice into disrepute. In allocution, defendant stated that he was "terribly sorry." He claimed that he was confused at the time of his outburst, had not slept in a couple of days, and thought everybody was working against him.

¶ 6     Before imposing sentence, the trial court commented that it appreciated defendant's apology. The court added that defendant's conduct the previous day was "beyond anything [the court] encountered in over 17 years" on the bench and that defendant's words were "quite frankly, vile." The court found that such behavior warranted a "serious sentence." The court then imposed a "sentence of 90 days in the Kane County Jail."

¶ 7     After the trial court announced its sentence, defense counsel asked if "that was 90 days with good time credit." The court responded that good-time credit was not available and that defendant was "being required to serve 90 days."

¶ 8 On that same date, the trial court entered a written order, finding defendant in direct criminal contempt and sentencing him to "a period of 90 [days] [in the] Kane county jail."

¶ 9 On November 6, 2023, defendant filed a motion to reconsider his sentence, contending that the sentence was excessive. The written motion did not raise any issue regarding good-time credit.

¶ 10 At the hearing on the motion to reconsider sentence, defendant asked the trial court to reduce the 90-day sentence but again did not raise any issue regarding good-time credit. In denying the motion to reconsider, the court noted that it originally intended to sentence defendant to six months in jail but ultimately imposed a lesser sentence, partly because of defendant's apology. The court added that, after it announced the 90-day sentence, defendant threw his jail-issued tablet, preventing the court from advising him of his appeal rights. The court commented that, although it did not hold defendant in contempt for that conduct, the court considered it "indicative of the contempt [defendant] [held] for [the] court." The court did not comment regarding the issue of good-time credit.

¶ 11 On December 1, 2023, defendant filed a "Motion for Good Time Allowance," asserting that section 3 of the Unified Code of Corrections (730 ILCS 130/3 (West 2020)) entitled him to good-time credit on his sentence for direct criminal contempt. At the hearing on the motion, the trial court stated that, in imposing sentence, it "intended [for defendant] to serve 90 days" because his conduct was egregious. If the court had known that good-time credit applied, it would have sentenced defendant to a longer term to ensure that he served 90 days. The court said it "would correct the error and indicate that if [defendant is] entitled to good time, then the sentence should be 180 days because that's what [the court] intended." Defense counsel argued that, although the applicability of good-time credit thwarted the trial court's intent that defendant serve 90 days, the

90-day sentence must stand because a trial court cannot increase a sentence once it is imposed. The court responded:

> "Again, I think I was really clear that I wanted him to serve 90 days. So whether I should have said it was l80 days with good time to apply or not, I was very clear that I felt given his behavior that three months in custody was the appropriate sentence in this instance."

The court added that, by modifying the sentence to 180 days, it would not be increasing the sentence but "correcting the record to indicate that that was the intent of the Court as far as the sentence [defendant] merited in that matter." In its written order, the court stated that its "intention was for Defendant to serve 90 actual days, which was stated on the previous record." Therefore, "[t]he prior record is corrected so it reads that Defendant is to serve 180 days (good time to apply), so that Defendant will serve 90 actual days."

¶ 12    Defendant did not file a motion to reconsider the new sentence. Instead, he filed this timely appeal.

¶ 13                            II. ANALYSIS

¶ 14    On appeal, defendant contends that (1) the trial court erroneously increased his sentence for criminal contempt when, upon discovering that good-time credit applied to his sentence, the court modified the original sentence from 90 days to 180 days in jail; and, alternatively, (2) the new sentence of 180 days was excessive. The State responds that (1) defendant forfeited the issue of an improper sentencing increase; (2) once the trial court determined that good-time credit applied, it could correct the original sentence to fulfill its intent for defendant to serve 90 days in jail; (3) defendant's contumacious conduct after sentencing justified the sentencing increase; and (4) the 180-day sentence was not excessive.

¶ 15    We first address the State's forfeiture argument.  To properly preserve a sentencing issue for review, a defendant must both contemporaneously object and file a written postsentencing motion raising the issue.  *People v. Hillier*, 237 Ill. 2d 539, 544 (2010).

¶ 16    Here, after the trial court sentenced defendant to 90 days in jail at the original sentencing hearing, defense counsel asked if good-time credit applied.  The court answered that good-time credit did not apply.  Subsequently, defendant moved to reconsider the 90-day jail sentence as excessive but did not raise any issue regarding good-time credit.  After the court denied his motion to reconsider sentence, defendant filed a motion for good-time credit to apply.  At the hearing on the latter motion, the court recognized that good-time credit applied and increased its original sentence to 180 days in jail.  Defendant argued that his sentence should remain 90 days in jail (with good-time credit) and that changing the sentence from 90 days to 180 days was an improper sentencing increase.  The court rejected that argument and imposed the 180-day jail sentence.

¶ 17    Defendant argues that when the trial court changed defendant's original sentence from 90 days to 180 days in jail, it effectively imposed a new sentence. Although defendant orally challenged that new sentence at the hearing on his motion for good-time credit, he did not file a written motion to reconsider the new sentence.  Thus, the State claims he forfeited the issue.

¶ 18    However, defendant asserts in his reply brief that the alleged error is reviewable as plain error.  See *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000) (a defendant may raise plain error for the first time in his reply brief).  We agree.

¶ 19    We may review an otherwise forfeited claim only if the defendant establishes plain error. *Hillier*, 237 Ill. 2d at 545.  "To obtain relief under the doctrine ***, [the] defendant must first show that a clear or obvious error occurred."  *Hillier*, 237 Ill. 2d at 545.  "In the sentencing context, [the] defendant must then show that either (1) the evidence at the sentencing hearing was closely

balanced or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. "Under both prongs \*\*\*, the defendant has the burden of persuasion." *Hillier*, 237 Ill. 2d at 545. "If the defendant fails to meet his burden, the procedural default will be honored." *Hillier*, 237 Ill. 2d at 545.

¶ 20    We first address whether any clear or obvious error occurred when the trial court modified defendant's sentence from 90 days to 180 days in jail.[1]  It is well established that a trial court may not increase a sentence once it is imposed, (730 ILCS 5/5-4.5-50(d) (West 2020)), even where the sentence rested on an erroneous rationale (see *People v. Smith*, 2022 IL App (2d) 200055, ¶¶ 18, 20 (where the trial court realized postsentencing that the two counts on which it imposed consecutive sentences merged under the one-act, one-crime rule, the court could not increase the sentence on the remaining count even though that increase would still be less than the aggregate term originally imposed); *People v. Amans*, 2018 IL App (2d) 170405, ¶¶ 50, 53, 57 (where the trial court originally sentenced the defendant to prison but later modified the sentence to probation, the court could not subsequently reimpose a prison sentence even though the probation sentence was improperly based on a postsentencing circumstance, namely the prison time the defendant had served since sentencing).[2]  "A defendant should not have to run the risk that challenging a sentence

---

[1]Defendant does not separately address whether there was clear or obvious error but proceeds immediately to whether either of the plain-error prongs apply.  Nonetheless, we will first address whether clear or obvious error occurred.

[2]Even an *illegally* low sentence may not be rectified by the trial or appellate court, but only by writ of mandamus to our supreme court.  See *People v. Price*, 2016 IL 118613, ¶ 17; *People v. Castleberry*, 2015 IL 116916, ¶ 26.

might result in a longer sentence and should not be penalized for his efforts to seek relief from the sentence he received." *Amans*, 2018 IL App (2d) 170405, ¶ 42.

¶ 21    Here, it is undisputed that, by statute, defendant was entitled to good-time credit on his original sentence of 90 days in jail, with that credit being subject to revocation by the warden. 730 ILCS 130/3, 3.1 (West 2020). Therefore, regardless of what the trial court believed about good-time credit at the sentencing hearing, defendant was, by force of law, entitled to good-time credit on his 90 days. *People v. Dorsey*, 2021 IL 123010, ¶ 56 (finding the court "has no control over how good-conduct credit is earned or lost"). This is so regardless of whether defendant remains silent on the issue of good-time credit or seeks an order reflecting his good-time credit; however, we think it prudent that defendant filed a motion seeking credit here. Thus, when the court subsequently changed the original sentence to 180 days with good-time credit to apply, it increased defendant's sentence. This was clear and obvious error.

¶ 22    We recognize, of course, that (1) the trial court stated that its intent in imposing the original sentence was for defendant to "serve 90 actual days" in jail and (2) defendant indeed would serve no more than 90 days in jail under the amended sentence of 180 days. The trial court explained that, had it known defendant's jail sentence was subject to good-time credit, the court would have imposed a 180-day jail sentence. We do not doubt the trial court's intentions. Nonetheless, the law does not permit the court, having discovered its legal error, to increase defendant's sentence to fulfill the court's original sentencing intent.

¶ 23    The State asserts that any sentencing increase was justified by defendant's contumacious conduct that occurred after the original sentence was imposed. As the State notes, a harsher sentence imposed after a successful appeal or motion to reconsider is proper only if it is based on

additional bad conduct by the defendant after the original sentencing. *People v. Moore*, 177 Ill. 2d 421, 433 (1997).

¶ 24    Here, the State relies on the trial court's recollection of an incident that occurred at the conclusion of the sentencing hearing. We note there is no record of this incident because it was not contemporaneously recorded in the transcript. Rather, at the hearing on defendant's motion to reconsider sentence, the court recalled that, after it announced its original sentence, defendant threw his tablet, thereby preventing the court from advising defendant of his appeal rights. The State argues that this incident justified the sentencing increase.

¶ 25    Defendant responds that, because the conduct in question occurred at the sentencing hearing, we should "lend[ ] the presumption that the trial court adequately and appropriately considered that conduct when it ordered the 90-day sentence". We are skeptical about the presumption defendant urges. Certainly, according to the trial court's recollection, defendant threw the tablet during the sentencing hearing. However, the court specifically recalled that this act occurred *after*—and indeed was a response to—the oral pronouncement of sentence. The final judgment in a criminal case is the oral pronouncement of sentence. *People v. Allen*, 71 Ill. 2d 378, 381 (1978). Since the sentence had already been imposed when defendant threw the tablet, that act could not have been factored into the sentence.

¶ 26    Thus, we decline the State's invitation to consider the tablet-throwing as a *post*sentencing basis for increasing defendant's sentence. The State, however, notes that we may affirm a sentence on any basis supported by the record. *People v. Cavazos*, 2023 IL App (2d) 220066, ¶ 35. In fact, it urges us to affirm not on a basis overlooked by the trial court but on a basis the court essentially considered and rejected. When the court denied defendant's motion to reconsider the 90-day sentence, the court noted that the sentence was appropriate not only because of defendant's

contumacious conduct before sentencing, but also because the court had relented from holding defendant in contempt for his postsentencing tablet-throwing. We decline to override the leniency the trial court showed defendant concerning that act.

¶ 27    For the foregoing reasons, we hold that the trial court committed clear and obvious error when it modified defendant's sentence from 90 days to 180 days in jail. Thus, we must next consider whether either of the two prongs of plain error apply.

¶ 28    As discussed, once clear or obvious error is established, we must then determine whether either "(1) the evidence at the sentencing hearing was closely balanced or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. Here, the error of increasing the sentence to 180 days in jail effectively doubled defendant's sentence. Such error was clearly so egregious as to have denied defendant a fair sentencing hearing. Thus, the second prong of plain error applies. Because the trial court committed plain error in increasing defendant's sentence after it was imposed, we vacate the 180-day sentence and remand for reinstatement of the 90-day sentence

¶ 29    Because we hold that the 180-day sentence increase was improper, we need not address whether that sentence was excessive.

¶ 30                                    III. CONCLUSION

¶ 31    For the reasons stated, we vacate defendant's 180-day jail sentence, with good-time credit, and remand to the circuit court of Kane County with directions to reinstate defendant's 90-day jail sentence, with good time credit. In granting this relief, we do not in any way condone defendant's clearly contumacious conduct or criticize the trial court's view of that conduct.

¶ 32    Sentence vacated. Cause remanded with directions.